IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

DEAN BIRDSALL, 

　　　　　　　　　　　Petitioner

　　　　　-vs-

MICHELLE MILLER, Warden

　　　　　　　　　　　Respondent

---

: CASE NO. 1:14 CV 2408
:
:
:
: MEMORANDUM OF OPINION
: AND ORDER
:
:
:
:
:

## UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Dean Birdsall filed the above-captioned Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. §2254.  Petitioner is currently incarcerated in the Belmont

Correctional Institution, serving a sentence of 7 to 25 years for rape, and one count of

escape.  Although the Petition contains multiple grounds for relief, they are all based on

Petitioner's contention that his conviction on escape charges violated ex post facto

laws.  Petitioner seeks unconditional release from prison.  For the reasons explained

below, all of the Petitioner's claims are procedurally defaulted.  The Court will

accordingly deny the Writ.

## I. Background

Petitioner was convicted of rape in Medina County, Ohio in 1994.  He was

sentenced to an indefinite term of incarceration of 7 to 25 years.  He did not appeal that

conviction or sentence.  He was paroled after serving 13 years.

In 2010, while on parole, Petitioner was charged in Richland County, Ohio with one count of failure to register as a sexually oriented offender, and one count of escape.  He entered into a plea agreement in April 2011 wherein he agreed to plead no contest to the charge of escape in exchange for the state's agreement to dismiss the other charge.  The parties jointly recommended a sentence of 6 years for the escape conviction to run concurrent to the 7 to 25 year sentence he received for rape.  The trial court accepted the plea and recommendation and sentenced Petitioner to 6 years to run concurrent with his sentence for rape.

Petitioner did not file a timely direct appeal of that conviction.  He filed a Motion for Delayed Appeal in the Ohio Fifth District Court of Appeals.  The Court of Appeals denied the Motion on August 22, 2012.

Petitioner did not file a timely appeal of that decision to the Supreme Court of Ohio.  Instead, he filed a Motion for Delayed Appeal on December 21, 2012.  The Supreme Court denied the Motion on February 6, 2013.  *See State of Ohio v. Birdsall*, No. 2012-2144 (Ohio S. Ct. filed Dec. 21, 2012).

Thereafter, Petitioner filed a Petition for a Writ of Habeas Corpus in the Ohio Fifth District Court of Appeals.  The Court of Appeals found two discernable arguments in the Petition:

> 1.  Petitioner's conduct did not constitute escape as defined by Ohio Revised Code § 2921.34(A)(1) because he was on parole, not post release control, at the time he failed to register.
>
> 2.  The act of escape was used to punish him for violating parole and was also used to convict him of the crime of escape, in violation of the Double Jeopardy Clause.

2

See *Birdsall v. Miller*, No. 13 BE 10, 2013 WL 3463417 (Ohio App. 7th Dist. June 28,

2013).  The Court held that these grounds could have been raised on direct appeal, and

because Petitioner had an adequate remedy at law, denied the writ.  The Court also

noted that if it had ruled on the merits, the claims would have been denied.  *Id.* at 2.

Petitioner filed a second Petition for a Writ of Habeas Corpus in the Supreme

Court of Ohio on November 14, 2013.  He asserted four grounds for relief:

> 1.  Denial of due process right to access of courts/full and
> fair trial due to counsel's failure to exhibit normal customary
> degree of skill/knowledge possessed by attorneys who are
> reasonably knowledgeable of criminal law.  This fact will
> furnish grounds for reversal...as a result of counsel's failure
> to address Ohio Law.
>
> 2.  A law impairing obligation of contract violation has been
> created when this court applied a post release control
> sanction to a preenactment sentence which never had PRC
> in trial sentencing entry done in clear violation of Ohio law.
>
> 3.  Specific facts that support claims are law.  Case no. 10
> CR 0380 Richland County (issue of this Habeas Corpus
> petition) as this court has applied Senate Bill (2) R.C.
> 2967.28 sanction of R.C. 2921.34(A).  S.B. (2) listed sanction
> have become a clear Bill of Attainder (Bill of Pains/Penalties)
> prohibited by U.S.C. Art. I sec. 10 when a criminal felony is
> added years later for a failure of the most basic heart of
> parole which is understood as to belong to incarceration.
> This is directed to a specific class of Ohio parolees.
>
> 4.  A criminal felony is understood to be a punishment, made
> retroactive years after original trial court sentence.
> Defendant's sentence was correct in 1994, not void,
> therefore jeopardy does attach.

*Birdsall v. Miller*, No 13-1804 (S. Ct. Ohio filed Nov. 14, 2013).  The Supreme Court

denied the Petition on March 12, 2014.  Petitioner requested findings of fact and

conclusions of law.  The Supreme Court responded on January 29, 2015 by reiterating

3

that the Petition was denied and stating Petitioner was on parole and parole constitutes

detention for purposes of escape under R.C. 2921.34.

## II. Habeas Petition

Petitioner has now filed the within Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254.  He asserts four grounds for relief:

> 1. Clear violation of Ex Post Facto Clause due to direct
> violation of federal Supreme Court under *Cornell Johnson v.
> U.S.*, (May 15, 2000), 529 U.S. 694, 120 S. Ct. 1795.
> Contrary to Sixth Circuit's reasoning, post revocation
> penalties are attributable to the original conviction not to
> defendants' [sic] new offenses for violating their supervised
> release conditions.

> 2. Entire "innocence" here, is due to withheld LAW.  *See
> Townsend v. Sain*, 372 U.S. 293 (1963), state
> determinations of fact not finding in federal habeas corpus
> proceeding if not based on full/fair factfinding procedures.
> Withholding due process of law: A exculpatory U.S. supreme
> Ct. ruling: *Cornell Johnson v. U.S.*, (May 15, 2000), 529
> U.S. 694 mandating contrary to "This" case 1-CR-0380
> (Mansfield, OH) and *Ohio v. Pointer*, Mar. 24, 2011) 193
> Ohio App. 3d 674 953 N.E.2d 853) ¶ 5 "Trial Court had
> failed to properly impose post release control in defendant's
> underlying sentence, depriving Dept. of Rehab./Corr. of
> authority to enforce portion of underlying judgment entry,
> thus defendant could not be convicted of escape for failing
> to report to parole officer."

> 3. This entire petition is based on U.S. Const./state law
> being not addressed or disregarded.  The law is everything
> here.  Violation as applied as a law impairing obligation of
> contracts.  U.S. Const. Art. I sec. 9/10 The Medina Co. OH
> Feb. 1994 case # 92 CR 0367 did not have any form of post-
> release control under which today is required for a post
> revocation sanction of "escape" is required to enforce a
> P.R.C. sanction.

> 4. After cited Sup. Ct. case: *Cornell Johnson v. U.S.*, (May
> 15, 2000)(529 U.SD. 694) made clear and convincing that
> this Richland Co. OH case No. 10 CR 0380 verdict is a
> violation of ex post facto clause, there is insufficiency of

4

evidence to produce a manifest injustice (U.S. Cont. Art. I, sec. 9/10) withheld by counsel by five Ohio courts disregarding the very same issues cited.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences. . . , and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (quoting *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## IV. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ

of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate

7

and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys,* 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman,* 501 U.S. at 735.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be

reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## V. Analysis

Petitioner did not exhaust these grounds in the state courts. He did not file a timely appeal of his conviction for escape and his Motion for a Delayed Appeal was denied by the Ohio Fifth District Court of Appeals. He also failed to file a timely appeal of that decision to the Supreme Court of Ohio. He filed two Petitions for a Writ of Habeas Corpus under Ohio Rev. Code Ann. § 2725.01, one in the Fifth District Court of Appeals and one in the Supreme Court of Ohio. In the Petition he filed in the Court of Appeals, he argued that his offense did not constitute escape because he was on parole, not post-release control, when he failed to register as a sexual offender. He also asserted that he was placed in double jeopardy because his actions were used

9

both as a basis for revoking his parole and to prosecute him for the crime of escape. The Court of Appeals denied the Petition.  Petitioner did not appeal that decision to the Supreme Court of Ohio.  Instead, he filed a second Petition for a Writ of Habeas Corpus under Ohio Rev. Code Ann. § 2725.01 in the Supreme Court of Ohio.  There he asserted he was denied due process because his counsel was ineffective and did not address Ohio law, that the trial court violated Ohio Law when it applied a post-release control sanction to a parolee, and his double jeopardy claim.  In this habeas petition, he asserts violations of the Ex Post Facto Clause, and claims that *Johnson v. United States*, 529 U.S. 694 (2000) stands for the proposition that the trial court had to impose post-release control to prosecute him for escape.  Neither of these claims was asserted under these legal theories in the state courts.  To be exhausted, the claims presented in the federal habeas petition cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Wong*, 142 F.3d at 322. These claims are unexhausted.

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court.  *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim, since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).  Accordingly, where a habeas petition contains unexhausted

10

claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

Here, Petitioner has no avenues for relief that remain open to him. The claims he asserts in this Petition would have to have been asserted on direct appeal of his escape conviction. He did not file a timely appeal and his request for a delayed appeal was denied. His claims are therefore foreclosed by procedural default.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged

11

constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded him from raising these claims in his state court filings. He contends that he did exhaust his Ex Post Facto claim, but he argued it as a double jeopardy violation. Double jeopardy and ex post facto are two distinct legal concepts. Exhausting one of those claims will not exhaust the other. He also claims he did not have the assistance of counsel for his appeal because he was being held in Rochester New York on federal charges shortly after his conviction. While this may explain his failure to file a direct appeal, it does not explain his failure to raise these arguments in his state habeas corpus petitions.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the underlying conviction.  There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

Finally, even if Petitioner's procedural default could be excused by cause and prejudice, his claims are entirely without merit.  As an initial matter, Petitioner misreads *Johnson v. United States*, 529 U.S. 694 (2000).  In that case, the Supreme Court considered whether Johnson, a federal prisoner, could be sentenced to two or more terms of post-release control under 18 U.S.C. § 3583(h).  The Court concluded that in this case, Johnson could be sentenced to two terms because he was sentenced when a prior version of the statute was in effect and that version permitted additional terms of post-release control to be imposed.  The question before the Court was whether 18 U.S.C. § 3583(h) could be applied retroactively.  That was not an issue in this case. Petitioner is a state prisoner, not a federal prisoner.  He was on parole from his seven to twenty-five year sentence when he was arrested and charged with committing a new crime.  He was not on supervised release under 18 U.S.C. § 3583(h), nor was he sentenced to multiple terms of post-release control.  The *Johnson* case has no apparent relevance to this Petition.

In addition, Petitioner appears to confuse parole and post-release control. Parole, like post-release control, is a form of supervised release. That, however, is where the similarity ends. When a person is paroled pursuant to Ohio Rev. Code § 2967.13, he or she is released from confinement before the end of his or her sentence and remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release. *See State v. Clark*, 119 Ohio St.3d 239, 246 (2008). Parole is not guaranteed once a prisoner has met the minimum eligibility requirements, but rather is a matter within the state parole authority's "wide-ranging discretion" to refuse or grant. *Id*. If a paroled person violates a condition imposed with release on parole, he or she may be required to serve the remainder of the sentence. *Id*. Conversely, post-release control under Ohio Rev. Code § 2967.28 is a part of the individual's sentence. Individuals who commit certain felonies are sentenced to a term of incarceration and to a term of supervision that occurs after the term of incarceration has been completed. During the post-release control portion of the sentence, the individual is subject to specific sanctions with which he or she must comply. *See State v. Clark*, 119 Ohio St.3d 239, 246 (2008). Violations of post-release control conditions may result in additional punishment, such as a prison term of up to nine months per violation, subject to a cumulative maximum of one-half of the original stated prison term. *Id*. Post-release control begins only when the incarceration portion of the sentence has been completed and violation of the terms of supervision may operate to add a second term of incarceration. *Id*.

Petitioner was paroled from his sentence of seven to twenty-five years. He committed a new offense for which he was prosecuted and sentenced to six years

14

incarceration. Committing a new offense also violated a condition of his parole, causing it be revoked and sending him to prison to serve the remainder of his sentence. While the prohibition of committing a new offense may also be included in the terms and conditions of post-release control set for other prisoners, it does not mean that it cannot be used as a condition of parole. Petitioner's contention that he could not be convicted of escape because he was on parole, not post-release control, is without merit.

## VI. Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: _June 1 2015_